**UNITED STATES of America**

v.

**STINE, Timothy Walter, Appellant.**

**No. 81–2471.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
March 19, 1982.

Decided March 26, 1982.

Certiorari Denied June 28, 1982.
See 102 S.Ct. 3493.

Fern H. Schwaber, Anna M. Durbin, Asst. Defenders, Defender Association of Philadelphia, Federal Court Div., Philadelphia, Pa., for appellant.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Chief, Appellate Section, Robert E. Welsh, Jr., Asst. U. S. Attys., Philadelphia, Pa., for appellee.

Before ALDISERT, VAN DUSEN and GARTH, Circuit Judges.

**OPINION OF THE COURT**

ALDISERT, Circuit Judge.

This case, now before us for the second time, requires us to decide whether the requirement of psychological counseling as a condition of probation is an unconstitutional infringement on the appellant's rights of privacy and mentation, and if not, whether it represents an abuse of the dis-

trict court's discretion. We did not reach these questions in the previous appeal because they were raised only in defense to appellant's failure to comply with the condition, not in direct challenge to its imposition. Appellant subsequently presented his argument to the district court in a motion for correction of illegal sentence or in the alternative for reduction of sentence. The district court denied the motion, and we affirm.

## I.

We will briefly outline and update the facts, which are more fully described in our prior opinion. *United States v. Stine*, 646 F.2d 839 (3d Cir. 1981), and in the district court opinion accompanying the judgment now on appeal, 521 F.Supp. 808 (E.D.Pa. 1981). On April 17, 1979, appellant Timothy Walter Stine was found guilty of illegally receiving a firearm, in violation of 18 U.S.C. § 922(h)(1).[1] The district court sentenced Stine to three years of imprisonment but suspended the sentence and placed him on five years of probation. A condition of probation was that Stine

> participate on a satisfactory basis within the sole discretion of the U.S. Probation Office in a program of psychological counselling, the nature and length of such program to be determined within the sole discretion of the U.S. Probation Office and for a minimum period of ONE (1) YEAR; any lack of cooperation or inability to participate successfully in such program as determined within the sole discretion of the U.S. Probation Office shall be deemed a violation of probation.

Although Stine complied with other conditions of his probation, he cooperated only briefly with the counseling program and then refused to participate further. After the probation office petitioned for revocation of probation, the district court allowed Stine an additional six weeks in which to comply with the condition. Stine steadfastly refused to cooperate, however, and on February 8, 1980, the district court, relying on probation office reports, Stine's criminal record, and its own observations of Stine's "aberrant behavior," revoked his probation and ordered him incarcerated for one year. Stine appealed, complaining that the mandatory psychological counseling interfered with his constitutional right of mentation and privacy. We affirmed the district court's order without determining the merits of Stine's objections because he had chosen to disobey the district court's order rather than to challenge its constitutionality in the course of proceedings in which he was already involved. 646 F.2d at 844–47.

Stine then filed a motion in the district court under Fed.R.Crim.P. 35(a) to correct an illegal sentence or in the alternative under Rule 35(b) to reduce the sentence. The district court examined Stine's contentions that the counseling violated his rights of mentation and privacy, but adhered to its earlier conclusion that the condition was constitutionally valid and reasonably related to the purposes of probation:

> What is required here is not solely consideration of the privacy right of an incarcerated individual to refuse treatment, but rather a balancing of defendant's constitutional rights with society's right to be protected from further criminal acts by a convicted felon who remains free.... In light of defendant's repeated firearms violations and other criminal acts, it is clear that society requires protection from him. This could be accomplished by either incarcerating defendant or rehabilitating him. As discussed above, I concluded that psychological counseling could achieve rehabilitation, by far the less restrictive alternative. I thus struck the proper balance between defendant's right to privacy and society's right to be safe from a convicted

---

1. 18 U.S.C. § 922(h)(1) states, "It shall be unlawful for any person . . . who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Stine was charged with receiving a semi-automatic rifle when he was free on bail, following convictions for making terroristic threats, possession of marijuana, and firearms violations.

felon. Thus it is clear that the counseling requirement of defendant's probation is reasonably based upon numerous findings in the record and bears a reasonable relationship to the purposes of the Probation Act. Consequently it is not unconstitutional, and is not an illegal sentence. 521 F.Supp. at 811 (citations omitted). The district court also held that reduction of sentence would be inappropriate in view of Stine's "arbitrary, stubborn defiance of the orders of this court and the efforts of the Probation Department, which represented every possible accommodation to defendant's rights and needs." *Id.* at 812.

## II.

On appeal, Stine renews his argument that imposition of involuntary psychological counseling violates his constitutional right to privacy. He further contends that there was no factual basis for imposing or maintaining the counseling condition, that the district court failed to consider alternatives to the sentence of incarceration imposed for Stine's violation of his probation, and that the district court's refusal to reduce that sentence rested on a clearly erroneous factual basis. The first contention is a matter of choice and application of legal precepts; this court's review of the district court's judgment is plenary. The remaining contentions go to the discretion of the trial court; our review is limited to determining whether the lower court abused its discretion.

Stine's primary argument is that the district court's imposition of mandatory psychological counseling is constitutionally invalid. We discussed many of the legal and social implications of this argument in our previous opinion, *see* 646 F.2d at 841–44, and we now conclude that the argument fails.

■ The terms and conditions of probation are matters within the discretion of the district court. 18 U.S.C. § 3651. We will not unduly limit the flexibility accorded sentencing judges who have the front-line responsibility for accommodating the needs of society with the needs of convicted offenders. *See Burns v. United States*, 287 U.S. 216, 220–21, 53 S.Ct. 154, 155–56, 77 L.Ed. 266 (1932). The courts may impose on a probationer limitations from which other persons are free if the limitations are reasonably related to rehabilitation and public safety, the ends of probation. *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 265 (9th Cir. 1975); *see, e.g., United States v. Tonry*, 605 F.2d 144 (5th Cir. 1979) (condition that a politician convicted of exchanging promises of benefits for campaign contributions could not run for office or participate in political activity during the term of his probation); *United States v. Pierce*, 561 F.2d 735 (9th Cir. 1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978) (condition that defendant, convicted of securities violations, reveal under oath his financial condition and assets so as to allow detection of possible future violations).

■ We reject the argument, which relies on *Rennie v. Klein*, 653 F.2d 836 (3d Cir. 1981), *cert. pending*, U.S. No. 81–5534, and similar decisions, that because of its interference with Stine's thought processes the counseling condition must be invalidated. The rights of mental patients to refuse treatment have been ascertainable only with great difficulty, but the infringement of which Stine complains falls outside the range of facts to which the holdings of those cases might be applied by reasonable analogy. Stine has not been threatened with seclusion or injection with psycho-chemical drugs as in *Rennie*; there has been no intrusion into his marital or family life, *cf. Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (statute barring interracial marriages violates fourteenth amendment); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (statute forbidding use of contraceptives violates right of privacy), or into his bodily integrity, *cf. Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952) (obtaining evidence by means of stomach pumping violates fourteenth amendment). He has been directed merely to participate in a dialogue

with a counselor. We need not and do not hold ·that a psychological counseling requirement can never be an infringement of a constitutional right of privacy. We hold only that when psychological counseling is reasonably related to the purposes of probation, its imposition is not unconstitutional.

### III.

We now consider whether the district court abused its discretion. Imposition of a probation condition which may impinge on constitutional freedoms requires the sentencing court to weigh the purposes of probation, the extent to which probationers should be accorded the constitutional rights enjoyed by other members of society, and the needs of law enforcement. *United States v. Pierce*, 561 F.2d at 739. The district court carefully considered these factors and determined that in view of Stine's courtroom behavior and criminal record, psychological counseling could both promote his rehabilitation and decrease the likelihood that his aberrant behavior would recur to the potential harm of society. We therefore agree with the district court that the condition was reasonably related to the purposes of probation and that the impact on Stine's rights was no greater than necessary to carry out these purposes. *Cf. Higdon v. United States*, 627 F.2d 893 (9th Cir. 1980) (requirements that defendant perform charitable work and forfeit all assets were harsher than necessary to achieve rehabilitation or public protection).

Stine's remaining challenges also fail. In discretionary matters dependent upon observation of the litigants, an appellate court's review is limited because it cannot replicate· the trial judge's superior vantage point. *United States v. Criden*, 648 F.2d

814, 817–18 (3d Cir. 1981). The trial judge, who demonstrated compassion and patience in his conduct of this case, carefully articulated the findings underlying his determination that psychological counseling would be an appropriate condition of Stine's probation.[2] Having reviewed those findings, we cannot agree with Stine that the condition lacks a factual basis, or that the trial judge erred in determining that incarceration was the only alternative to the probation condition, or that the trial judge's refusal to reduce sentence was based on factual error.[3] We therefore conclude that the district court neither imposed an illegal sentence nor abused its discretion.

### IV.

For the foregoing reasons, the judgment will be affirmed.

---

2. The district court opinion includes a lengthy recitation of findings based on observations of Stine's behavior in court and his previous convictions for firearms and drug violations and making terroristic threats. The trial judge concluded that Stine's irrational acts and aberrant behavior resulted from a perception that there was a widespread conspiracy against him. 521 F.Supp. at 810–11.

3. We also reject Stine's contention that the refusal rested on an erroneous view that probation is "a matter of grace." *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 n.4, 93 S.Ct. 1756, 1760 n.4, 36 L.Ed.2d 656 (1973). Although the phrase appears in the district court opinion, 521 F.Supp. at 811–12, it is clear from the context that it was used to explain the range of sentences which could have been imposed and not to indicate that violation of the probation condition automatically required incarceration.