(796 P.2d 178)
No. 64,167

STATE OF KANSAS, *Appellee*, v. TERRY W. EVANS, *Appellant*.

Opinion filed August 3, 1990.

*Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Thomas J. Robinson* and *Debra S. Byrd Wagner*, assistant district attorneys, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ABBOTT, C.J., BRAZIL and GERNON, JJ.

GERNON, J.: Terry Evans appeals from the denial of his motion for a change of judge and from certain conditions imposed in an order of probation.

As part of a plea agreement, Evans pled guilty to a charge of rape and an amended charge of unlawful restraint. Other remaining charges against him were dismissed, including aggravated escape from custody and criminal damage to property.

Although Evans raises several issues on appeal, we conclude that his constitutional challenge to certain conditions of probation will be dispositive of this appeal.

Evans argues that certain conditions of probation which require church attendance at a specific church and the performance of 1000 hours of maintenance work at the same church violate his right to the free exercise of religion as guaranteed by the United States Constitution and the Kansas Constitution. We agree.

The Bill of Rights of the Kansas Constitution provides in part:

"The right to worship God according to the dictates of conscience shall never be infringed; *nor shall any person be compelled to attend or support any form of worship*; nor shall any control of or interference with the rights of conscience be permitted, nor any preference be given by law to any religious establishment or mode of worship." Kan. Const. Bill of Rights, § 7 (Emphasis added).

This court has said, "Only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion." *Wright v. Raines*, 1 Kan. App. 2d 494, 501, 571 P.2d 26, *rev. denied* 222 Kan. 749 (1977), *cert. denied* 435 U.S. 933 (1978).

In *Wright*, this court reversed the dismissal without a hearing of a habeas corpus petition which challenged a Department of Corrections rule prohibiting facial hair, as applied to a member of the Sikh religion. In *Wright*, we stated:

"But we are convinced that such restrictions are not to be imposed so as to deny the free exercise of an established religious faith without a proper determination of compelling state interests in doing so, and without the further determination that there are no less restrictive methods of achieving the object of the regulation." 1 Kan. App. 2d at 501.

We agree that certain conditions of probation may restrict constitutional rights or freedoms an ordinary citizen might enjoy. However, any such restrictions must bear a reasonable relationship to the rehabilitative goals of probation, the protection of the public, and the nature of the offense. See *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988).

In *Porth v. Templar*, 453 F.2d 330, 333 (10th Cir. 1971), the standard for evaluating a restriction of constitutional freedoms as a condition of probation was stated as follows:

"The sentencing judge has a broad power to impose conditions designed to serve the accused and the community. The only limitation is that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. The object, of course, is to produce a law abiding citizen and at the same time to protect the public against continued criminal or antisocial behavior. . . .

. . . .

". . . This is not to say that one on probation has the rights of citizens who are not on probation. He forfeits much of his freedom of action and even freedom of expression to the extent necessary to successful rehabilitation and protection of the public." 453 F.2d at 333-34.

Evans' case differs from the cases which uphold a condition of probation which restricts a probationer from certain religious activity or the association with certain groups. For example, in *Malone v. United States*, 502 F.2d 554, 555 (9th Cir. 1974), *cert. denied* 419 U.S. 1124 (1975), the Ninth Circuit Court of Appeals upheld a probationary condition that required that Malone "not belong or participate in any Irish Catholic organizations or groups." Malone had been convicted of unlawfully exporting firearms.

In Evans' case, the order of probation mandates or forces association with a particular religious group. Such conditions of probation have been permitted when clearly related to rehabilitation; for example, a requirement to submit to psychological counseling. *United States v. Stine*, 675 F.2d 69, 71 (3d Cir.), *cert. denied* 458 U.S. 1110 (1982).

Conversely, a condition which required the offender to make his child legitimate by marrying the mother was rejected as beyond the authority of the trial court. *Michalow v. State*, 362 So. 2d 456, 457 (Fla. Dist. App. 1978).

We conclude that the imposition of the religious conditions on Evans unreasonably restricted his constitutional freedom. The conditions would require Evans to continue association with a specific church for a five-year period, regardless of whether he continues to accept its religious beliefs and doctrines. It is not clear from the record how these conditions could be characterized as bearing a reasonable relationship to the protection of the public or the offense committed. Further, it is difficult to conclude that a compelling state interest requires the imposition of these particular probationary conditions.

The Kansas Constitution contains a strong prohibition against religious coercion. We are persuaded that the standards set in the *Wright* case ought to be applied in Evans' case and that "only those interests of the highest order" ought to override the free exercise of religion. Lacking a showing of an interest of the highest order, we reverse and remand for resentencing before another judge.

Reversed and remanded with directions.