No. 70,514

STATE OF KANSAS, *Appellee*, v. GLORIA L. VAN WINKLE, *Appellant.*
(889 P.2d 749)

Opinion filed January 27, 1995.

*Rick Kittel,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Thomas P. Alongi,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant appeals the district court's revocation of her probation and refusal to reduce her life sentence. The State questions whether a district court had jurisdiction to hear successive motions for revocation of probation and to modify a life sentence.

On April 16, 1992, Gloria Lynn Van Winkle was convicted of possession of cocaine. This conviction was a class A felony under K.S.A. 1991 Supp. 65-4127a because of Van Winkle's two prior convictions of possession of cocaine. On July 10, 1992, the district judge sentenced Van Winkle to life imprisonment but immediately granted supervised probation of five years. One of the conditions of Van Winkle's probation was that she submit herself to

the Stout Street Foundation program in Denver, Colorado. Van Winkle had located the Stout Street Foundation and suggested to the judge that she be granted probation to enter the program.

On July 31, 1992, prior to Van Winkle entering the Stout Street program, the State filed a motion to revoke Van Winkle's probation because Van Winkle had failed a drug screen and failed to report to her court services officer as directed. At a hearing on August 12, 1992, to revoke her probation, Van Winkle stipulated to the alleged violations of her probation. Complicating matters at the August 12 hearing was the fact that, earlier that day, Van Winkle had been sentenced in municipal court to a term of 179 days on a conviction of misdemeanor theft. The district judge noted that any order of probation would be thwarted by Van Winkle's theft sentence. Nevertheless, the district judge indicated that his objective was to see that Van Winkle enrolled in the Stout Street program and would consider reinstating Van Winkle's probation at a later date, "depending on whether or not a resolution can be made with regard to the sentence imposed by the municipal court." The district court revoked Van Winkle's probation and committed her to the custody of the Secretary of Corrections to serve her sentence of life imprisonment.

Apparently, the municipal court matter was resolved because on August 13, 1992, defense counsel filed a motion pursuant to K.S.A. 1991 Supp. 21-4603(4) for sentence modification and probation. At a hearing on November 25, 1992, the trial court reinstated probation and ordered Van Winkle to successfully complete the Stout Street program.

Van Winkle entered the Stout Street program on December 7, 1992. On December 11, 1992, Van Winkle left the program without permission. Her whereabouts were unknown. On January 6, 1993, the State filed a motion for probation revocation and obtained a warrant for Van Winkle's arrest. Van Winkle was eventually located, arrested, and detained in Colorado. Van Winkle waived extradition and was returned to Kansas.

On March 9, 1993, the district judge conducted a second probation revocation hearing. At that hearing, the prosecutor noted that a letter from the Colorado court services officer who had

supervised Van Winkle stated that Van Winkle had called and informed him that she had left the Stout Street program. The letter stated that the Colorado court services officer had informed Van Winkle that she could not leave the program until she obtained permission from her Kansas court services supervisor. Van Winkle failed to contact the Kansas court services office.

Van Winkle testified that she left the program because she could not be with her children and because the program officials would not let her attend church. The district judge noted that Van Winkle had withdrawn from the Stout Street program without permission of the court, without modification of her probation, and without just cause. The district judge observed that he had placed Van Winkle on supervised probation twice before, only to have her rebel and reject the structured setting imposed. Prior to revoking Van Winkle's probation, the judge stated: "[A]ll reasonable attempts to place the defendant on probation have at this time failed and the Court has no other choice but to return Miss Van Winkle to the secretary of corrections for the service of the [life] sentence previously imposed."

On March 18, 1993, defense counsel filed another motion pursuant to K.S.A. 1991 Supp. 21-4603(4)(a) for sentence modification and reinstatement of Van Winkle's probation. The State filed a motion to dismiss the modification request for lack of jurisdiction, alleging Van Winkle could not file successive 21-4603(4)(a) motions. On June 1, 1993, the State appealed the jurisdiction issue on a question reserved pursuant to K.S.A. 22-3602(b)(3). After being sentenced, Van Winkle appealed her conviction. On June 21, 1993, this court dismissed the State's appeal because Van Winkle's appeal was still pending. This court affirmed Van Winkle's conviction on December 10, 1993. *State v. Van Winkle*, 254 Kan. 214, 864 P.2d 729 (1993), *cert. denied* ____ U.S. ____, 128 L. Ed. 2d 890 (1994).

At the modification hearing on June 22, 1993, the judge noted the absence of any long-term treatment program which could satisfactorily address Van Winkle's drug addiction. The judge stated: "I've seen this report many times; I've gone over this case many times, and this Court, I think, can look at the record, and any

court can look at the record, and see that every opportunity was given to Miss Van Winkle." The judge denied Van Winkle's motion to reinstate probation with regret and ordered that the defendant serve her life sentence. Van Winkle appealed the district court's denial of her second motion for sentence modification and probation.

## Grant of Probation

The State argues that, after a defendant has appealed a conviction and previously has been granted probation, a district court does not have jurisdiction to consider successive motions for sentence modification or to grant a second probation pursuant to K.S.A. 1991 Supp. 21-4603(4)(a). The State asserts that allowing a defendant one grant of sentence modification and one grant of probation protects the courts from repeated motions, insures that the responsibilities of the parole board are not usurped by courts retaining jurisdiction indefinitely, avoids circular appeals in the appellate courts and the district courts under 21-4603(4)(a) and (b), and averts abuse of the modification remedy.

K.S.A. 1991 Supp. 21-4603(4)(a) and (b), which applied at the time of the offense, state in part that except when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b), at any time within 120 days after a sentence is imposed or after probation has been revoked, the court may modify such sentence or revocation of probation by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from an appellate court.

The State cites four cases which have discussed the propriety of successive motions for sentence modification: *State v. Smith*, 254 Kan. 16, 864 P.2d 1208 (1993); *State v. Reed*, 253 Kan. 154, 853 P.2d 50 (1993); *State v. Saft*, 244 Kan. 517, 769 P.2d 675 (1989); and *State v. Hervey*, 19 Kan. App. 2d 498, 873 P.2d 188 (1994). We note that all four cases discuss the propriety of successive motions for sentence modification. None of the cases cited

discuss revocation of probation, the defendant's right to appeal the revocation of probation, or the refusal to modify a life sentence.

The argument of the issues is confused because neither party notes that the power to grant probation and to impose or modify a sentence are separate and distinct. Probation is defined by K.S.A. 1991 Supp. 21-4602(3) as a procedure whereby a defendant, after being found guilty of a crime, is released by the court after imposition of sentence, without imprisonment. The power to grant probation is dependent upon statutory provisions. In the absence of a controlling statute, the trial court is without judicial power to place a convicted defendant on probation. *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985).

Probation is separate and distinct from the sentence. *Dubish*, 236 Kan. at 851. A sentence is the judgment of the court which formally declares to the accused the legal consequences of his or her conviction or of the guilt to which he or she has confessed. *State v. Woodbury*, 133 Kan. 1, 298 Pac. 794 (1931). The final judgment in a criminal case is the sentence and, by placing the defendant on probation, the trial court does not affect the finality of the judgment. *Dubish*, 236 Kan. at 851.

Prior to 1969, the granting or termination of parole (now termed probation) by the district court was not reviewable by an appellate court. G.S. 1949, 62-2214. Subsequent to the adoption of the Kansas Criminal Code, the defendant had the right to appeal the revocation of probation. K.S.A. 1991 Supp. 21-4603(4)(a) and (b) state in part that at any time within 120 days after a sentence is imposed, or after probation has been revoked, the court may modify such sentence or revocation of probation by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits.

The district court sentenced Van Winkle to life imprisonment and then granted her request for probation on July 10, 1992. That probation was revoked on August 12, 1992. On August 13, 1992, Van Winkle filed a motion to reinstate her probation. The judge reinstated her probation on November 25, 1992. Van Winkle's two requests for probation were heard within the 120-day period

after sentence was imposed. See K.S.A. 1991 Supp. 21-4603(4)(a). On March 9, 1993, the district judge again revoked her probation. On March 18, 1993, Van Winkle filed her second request to reinstate her probation. The judge refused to reinstate the probation, and Van Winkle appealed the revocation of her probation. Van Winkle's March 1993 request to reinstate her probation was filed within 120 days of the second revocation of her probation.

As to the State's argument that the district judge did not have jurisdiction to grant a second probation to the defendant, we note that the State fails to cite any authority for its conclusion. The legislature has the power to limit the number of paroles or grants of probation by the district court. Under former statutes, G.S. 1949, 62-2201 and G.S. 1949, 62-2202, the legislature conferred upon the district courts the power to grant paroles for persons convicted of a violation of the criminal laws of this state and the power to revoke parole. The legislature permitted the district court to grant a second parole after the original grant of parole had been terminated by the sentencing court. It limited the power of the district court to grant additional paroles to a defendant by stating that no more than two paroles shall be granted to the same person under the same judgment of conviction. G.S. 1949, 62-2202. The statutory limitations for granting paroles by the district court was repealed by the legislature. There are no statutory limitations as to the number of grants of probation that can be granted to a defendant under a conviction.

*Revocation of Probation*

Implicit in our statutory provisions concerning probation is the understanding that the court need not grant probation, but if it does so, the probationer is entitled to retain his or her liberty as long as the probationer abides by the conditions on which probation is granted. A probationer may not have his or her probation revoked unless it appears that the probationer has failed to comply with the terms and conditions of probation. *Swope v. Musser*, 223 Kan. 133, Syl. ¶ 2, 573 P.2d 587 (1977).

Van Winkle argues the district court abused its discretion in revoking her probation. Specifically, Van Winkle contends that

even though she selected the program, the district court abused its discretion by failing to address her allegation that the Stout Street program would not allow church attendance, constituting an unreasonable condition of probation and a denial of her constitutional right to the free exercise of religion under § 7 of the Kansas Constitution Bill of Rights.

Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *State v. Baker*, 255 Kan. 680, Syl. ¶ 9, 877 P.2d 946 (1994).

Van Winkle cites *State v. Evans*, 14 Kan. App. 2d 591, 796 P.2d 178 (1990), to support her argument that the district court's failure to find that the Stout Street program requirements violated her right to religious freedom. At issue in *Evans* was a condition of probation imposed by the sentencing judge requiring church attendance at a specific church and the performance of 1,000 hours of maintenance work at the church. Evans argued that the conditions imposed violated his right to the free exercise of religion guaranteed by the United States Constitution and the Kansas Constitution. The *Evans* court observed that a sentencing judge has broad powers to determine conditions of probation. It acknowledged that certain conditions of probation may restrict constitutional rights or freedoms an ordinary citizen might enjoy. The *Evans* court noted that the Kansas Constitution contains a strong prohibition against religious coercion. *Evans* recognized, however, that restrictions of constitutional rights or freedoms as a condition of probation are permitted if such restrictions bear a reasonable relationship to the rehabilitative goals of probation, the protection of the public, and the nature of the offense. 14 Kan. App. 2d at 592. The *Evans* court found that the imposition of the religious requirements as a condition of probation unreasonably restricted Evans' constitutional religious freedom. It reversed and remanded for resentencing before another judge. 14 Kan. App. 2d at 593.

The record reveals that Van Winkle had a lengthy criminal history of four felony and six misdemeanor convictions and was severely addicted to drugs. At sentencing, the trial court recognized that Van Winkle had been given numerous opportunities through counseling and treatment, all of which had failed. The judge noted that the Stout Street program, which had been discovered and suggested by Van Winkle as a condition of her probation, was an inpatient treatment program that offered Van Winkle one last chance at rehabilitation. Prior to revoking Van Winkle's second probation, the court stated:

"[T]he Court finds it is without a program at this time of sufficient structure to assist with her rehabilitation, that the only structure provided to the court at this time is that of placement with the secretary of corrections.

. . . .

"The Court would find that all attempts—all reasonable attempts to place the defendant on probation have at this time failed and the Court has no other choice but to return Miss Van Winkle to the Secretary of Corrections for the service of the sentence previously imposed."

The rationale of *Evans* does not apply because the program was suggested by Van Winkle and the conditions for remaining in the program were approved by Van Winkle when she accepted probation. In addition, the conditions of probation Van Winkle claims violated her right to religious freedom were not specifically imposed by the judge. Under these circumstances, the sentencing judge was not required to make specific findings. The record reveals the court considered and rejected Van Winkle's reasons for leaving the Stout Street program. The judge did not abuse his discretion in revoking Van Winkle's probation.

*Modification of a Life Sentence*

K.S.A. 1991 Supp. 22-3716(2) provides that if a violation of probation is established, the court may continue or revoke the probation and may require the defendant to serve the sentence imposed or any lesser sentence. Van Winkle asserts that the statute gives the court the discretion to impose the original sentence "or any lesser sentence," even though she was convicted of a class A felony for which the statutes mandate only a sentence of life imprisonment. K.S.A. 21-4501(a).

Van Winkle argues that the district court abused its discretion when it failed to modify her sentence of incarceration to less than life imprisonment. Van Winkle fails to cite any authority for her assertion that the court was at liberty to impose less than a life sentence.

Under the Kansas Criminal Code, separate penalty provisions were established for each criminal offense, and the classification of every crime was determined by the penalty authorized. The concept of indeterminate sentencing was applied to all persons convicted of certain classes of felonies. Discretion was vested in the sentencing judge to establish the minimum and maximum terms of the sentence, within the limits set by the statute. The terms of imprisonment authorized by the legislature were established in K.S.A. 21-4501. An example of an indeterminate class of criminal felonies is the class B felony. The term for a class B felony was an indeterminate term of imprisonment, the minimum of which was to be fixed by the court at not less than 3 years nor more than 5 years and the maximum of which was to be fixed by the court at not less than 10 years nor more than 20 years. K.S.A. 21-4501(b).

In sentencing a person to an indeterminate term of imprisonment, the judge, having regard for the nature and circumstances of the crime and the history, character, and condition of the defendant, is to fix the lowest minimum term which, in the opinion of the court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime. K.S.A. 21-4606.

K.S.A. 1991 Supp. 21-4603(4)(a) and (b) set the procedure and the limitations for the modification of a sentence imposed by the district judge. After probation has been revoked, the judge may modify the sentence by imposing a less severe penalty within the statutory limits. The term for a class A felony is imprisonment for life, which is not an indeterminate sentence. K.S.A. 21-4501(a). Because a class A felony has no maximum or minimum that can be set by the court, there is no less severe penalty within the statutory limit. Under the circumstances of this case, the sen-

tencing judge had no statutory authority to impose a less severe penalty after revoking Van Winkle's probation.

Affirmed.