NOT DESIGNATED FOR PUBLICATION

No. 112,383

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON T. ROSS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 6, 2015. Affirmed in part, vacated in part, and remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*:  Jason T. Ross appeals an order revoking, reinstating, and extending his probation. On appeal, Ross is not challenging the revocation, reinstatement, or extension of his probation. As such, those portions of the district court's order are affirmed. Rather, he asks us to vacate that portion of the district court's order imposing gang conditions as part of his probation. Because we see no evidence in the record to support the district court's imposition of gang conditions in this case, we vacate that portion of the order and remand this matter for further consideration.

1

On November 12, 2013, Ross pled no contest to one count of felony theft. On January 9, 2014, the district court sentenced Ross to serve 12 months' probation and imposed a 9-month underlying prison sentence. The district court also ordered Ross to pay $1,250 in restitution and explained to him the terms of his probation. At that time, gang-related probation terms were not discussed. One week later, however, Ross and his probation officer signed a supervision agreement that included gang conditions, one of which stated: "I shall not ride in a car with more than one (1) person unless those people are my parents, siblings or my children." Ross never appealed this sentence.

On February 26, 2014, a warrant was issued alleging that Ross had violated the terms of his probation. The warrant alleged that Ross violated his probation terms by committing domestic battery, being absent from his residence during a curfew check, failing to report to his probation officer, failing to obtain full-time employment, and failing to complete a theft program. Another warrant was issued on April 9, 2014, which alleged that Ross had violated the terms of his probation by committing felony obstruction and not wearing a seat belt while riding in a car.

On June 5, 2014, the district court conducted a joint hearing to consider revoking Ross' probation as well as to sentence him for the felony obstruction charge, to which he had pled guilty. Ross stipulated to all the charges except domestic battery, which the State withdrew. In regards to the probation violation, the district court followed the parties' agreement by reinstating and extending Ross' probation by 12 months. In regards to the felony obstruction charge, the district court entered a consecutive sentence of 12 months' probation and imposed an 11-month underlying prison sentence.

During the hearing, Ross' counsel asked the district court to review his gang-related conditions of probation. Ross alleged for the first time that he was never a gang

2

member so he should not be required to abide by the gang conditions. More specifically, he stated that when he was 15 years old, police officers "tried to get [him] to admit that he was a gang member," but he denied any gang affiliation. The district court declined to rescind the conditions, citing Ross' troubles complying with the terms of his probation. It further found that it wanted to ensure that Ross was not associating with gang members in light of his lengthy criminal history. Ross thereafter filed a timely notice of appeal.

ANALYSIS

On appeal, Ross contends for the first time that the district court's refusal to remove the gang-related probation conditions infringes on his constitutional right to freedom of association. As a general rule, a district court has broad discretion in imposing "proper" conditions of probation. *State v. Bennett*, 288 Kan. 86, 91, 200 P.3d 455 (2009); see K.S.A. 2013 Supp. 21-6607. Probation conditions that restrict constitutional rights or freedoms, however, must bear a reasonable relationship to the rehabilitative goals of probation, the protection of the public, and the nature of the offense. See *State v. Evans*, 14 Kan. App. 2d 591, 592, 796 P.2d 178 (1990). Whether a probation condition is unconstitutional is a question of law over which we exercise unlimited review. *Bennett*, 288 Kan. at 91.

Based on the record on appeal, we cannot tell whether there is a reasonable relationship between the gang-related probation conditions imposed and the rehabilitative goals of probation, the protection of the public, and the nature of the offense. Moreover, we do not see that the district court ever found such a connection. If the district court did, it appears that such findings were not announced on the record or journalized in an order. See Supreme Court Rule 165 (2014 Kan. Ct. R. Annot. 272); *State v. Gibson*, 299 Kan. 207, 216, 322 P.3d 389 (2014) (explaining that although "the party who seeks to raise on appeal an issue that turns on the factual determinations also bears some responsibility," "the duty to ensure adequate factual findings for appellate review is borne chiefly by the

3

district court"); *State v. Reed*, 50 Kan. App. 2d 1133, 1139, 336 P.3d 912 (2014), *rev. denied* 302 Kan. ___ (September 10, 2015).

We recognize that Ross never challenged his status as a gang member before the sentencing court. Moreover, we recognize that he signed a supervision agreement that included gang conditions. As such, there may be a reasonable relationship between the gang-related probation conditions and rehabilitation, public safety, and the offense committed. Without findings of fact and conclusions of law regarding this issue in the record, we cannot reach Ross' constitutional argument.

We, therefore, vacate the portion of the probation order imposing gang conditions and remand this matter to the district court for further proceedings.

Affirmed in part, vacated in part, and remanded with directions.