NOT DESIGNATED FOR PUBLICATION

No. 118,458

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SARAH THERESE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 16, 2018. Conviction affirmed, sentence vacated, and case remanded with directions.

*James D. Sweet*, of James D. Sweet Law Office, of Salina, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and ROBERT J. FREDERICK, District Judge, assigned.

PER CURIAM:  Sarah Therese Jones was convicted of one count of felony theft after entering a no contest plea. Her sentence for this crime included placing her on probation for 12 months with restrictions on the nature of her employment, prohibiting her from using any financial accounts, and ordering her to pay restitution in the amount of $27,730.50. Jones appeals these aspects of her sentence. Given Jones' ability to demonstrate that the payment of restitution is rendered highly improbable, if not impossible, because of the simultaneous restrictions placed on her employment and the

1

prohibition against having any financial accounts, the district court abused its discretion in doing so. While we affirm her conviction, Jones' sentence is vacated and the case is remanded to the district court for resentencing consistent with the holdings expressed herein.

FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Jones was employed as an office manager at a small pest control company. Jones used her position to create a PayPal merchant account that she used to accept payments intended for her employer. Jones redirected the funds from these fraudulent transactions into her own personal account. The initial investigation uncovered $8,603.86 in fraudulent transactions, but more were discovered later. The State charged Jones with one count of felony theft under K.S.A. 2015 Supp. 21-5801(a)(1) and (b)(3) and one count of computer crime under K.S.A. 2015 Supp. 21-5839(a)(2) and (b)(1).

Thereafter, Jones pled no contest to the theft charge and agreed to pay $27,730.50 in restitution. In return, the State agreed to drop the remaining charge and abandon any unfiled charges. The district court accepted the plea and set the case for sentencing.

At sentencing, the State asked the district court to impose a condition of probation limiting Jones' ability to access certain financial accounts. Jones expressly asked that the district court not impose that restriction because it would preclude her existing gainful self-employment as an Amazon seller and make it impossible for her to pay the restitution.

The district court sentenced Jones to the aggravated presumptive sentence of seven months in prison. The district court also imposed probation, made restitution a condition thereof, and then said, "I'd note for the record that probation does not end if the amount is not paid and that probation would continue until restitution is paid in full." Before turning

2

to address the concerns about financial accounts, the district court also imposed a 30-day jail sanction as a condition of probation.

In response to the arguments and statements of the parties, the district court identified Jones' employment as problematic and made it a condition of probation that she obtain different employment. The district court gave two reasons for this condition. First, the court believed that the employment was "not compliant with probation" and that Jones needed a job that could be monitored through a supervisor. Second, the district judge said, "[T]he nature of the embezzlement in this case would suggest and even require that the defendant not be engaged in such business opportunities that would provide significant windows and places and opportunities for her to take advantage of other clientele over the Internet."

The district court then denied Jones' request with regard to maintaining financial accounts and stated that it "falls on deaf ears from this court because it is not going to listen to that type of—or have sympathy. I'll listen, but I'm not going to have sympathy for that type of inconvenience." The district court prohibited Jones from having "access to financial accounts, credit cards, debit cards, [and] checking account[s]."

The district court continued to enumerate all of the conditions of probation and clarified that Jones' employment must "be W-2 type employment with a supervisor that can be monitored by court services" and that restitution was "to be paid out on a regular monthly payment." After the district court finished pronouncing the sentence, it asked if counsel had any other questions or issues. Jones' counsel immediately responded by saying, "Your Honor, I do need to obviously discuss with my client her right to appeal," and asking for an appeal bond to be set. The district court and State discussed the request for an appeal bond and that "the point of an appeal bond . . . from the defense's perspective . . . is that way she could forego probation pending the appeal and forego the sanction that [the court] just imposed."

3

The journal entry of sentencing restated the two restrictions challenged on appeal. The restriction on employment was recorded as: "Defendant shall gain/maintain employment within 2 weeks of sentencing." The restriction on financial accounts was recorded as: "Defendant is not to maintain or have access to a checking account(s) and/or financial card(s) while on probation."

Jones has filed a timely appeal and challenges the conditions of probation as a violation of her constitutional rights, a per se abuse of discretion.

I.      DID JONES PROPERLY PRESERVE HER CHALLENGE TO THE TERMS OF PROBATION?

On appeal, Jones claims that the terms of probation violated her Fourteenth Amendment constitutional rights. The State argues that Jones never asserted this constitutional claim before the district court.

An appellant generally cannot raise an issue on appeal when it was not raised in the district court. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). The district court should have the opportunity to correct any alleged errors before a decision is appealed. See *State v. Boyd*, 257 Kan. 82, 89, 891 P.2d 358 (1995). This general rule also bars alleging constitutional violations for the first time on appeal. There are, however, exceptions.

> "'Despite the general rule, appellate courts may consider constitutional issues raised for the first time on appeal if the issue falls within one of three recognized exceptions: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason. [Citations omitted.]'" *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

4

For an exception to apply, the appellant must invoke the specific exception when asserting the claim for the first time on appeal. *Godfrey*, 301 Kan. at 1043; Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34). In her brief on appeal, Jones fails to list an exception to the general rule that this court will not hear constitutional claims for the first time on appeal. Accordingly, her constitutional claim fails. But that does not end our inquiry. Jones did preserve her objection to the terms of restitution by arguing that the district court abused its discretion.

Jones expressly asked the district court not to adopt the prohibition on financial accounts as a term of probation because it would preclude her current employment and make satisfying the restitution impossible. As previously noted, the district judge responded by unequivocally denying Jones' request and by stating he would listen but would have no sympathy for that type of inconvenience. So we will examine whether the court abused its discretion in the adoption of the terms of restitution.

II.    DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REQUIRING JONES TO PAY SUBSTANTIAL RESTITUTION, RESTRICTING HER EMPLOYMENT, AND PROHIBITING HER ACCESS TO FINANCIAL ACCOUNTS?

On appeal, Jones also characterizes the alleged constitutional violation as "a per se abuse of discretion." Abuse of discretion is the standard of review for nonconstitutional challenges to terms of probation. As a result, we disregard the improper constitutionality claim but review Jones' appeal under the abuse of discretion standard for unreasonableness.

> "An abuse of discretion occurs when judicial action is (1) arbitrary, fanciful, or
> unreasonable, i.e., no reasonable person would take the view adopted by the trial court;
> (2) based on an error of law, i.e., the discretion is guided by an erroneous legal
> conclusion; or (3) based on an error of fact, i.e., substantial competent evidence does not

5

support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. [Citations omitted.]" *State v. Jarmon*, 308 Kan. 241, 248, 419 P.3d 591 (2018).

"'[P]robation is a privilege granted by the sentencing court and . . . the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court.'" *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015); see also K.S.A. 2017 Supp. 21-6607(b) (court may impose any probation conditions it deems proper).

> "[C]ertain conditions of probation may restrict constitutional rights or freedoms an ordinary citizen might enjoy. However, any such restrictions must bear a reasonable relationship to the rehabilitative goals of probation, the protection of the public, and the nature of the offense. See *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988)." *State v. Evans*, 14 Kan. App. 2d 591, 592, 796 P.2d 178 (1990).

A.    *The imposition of a restitution plan is mandatory.*

Under K.S.A. 2015 Supp. 21-6607(c)(2), a district court *must* impose payment of restitution as a condition of probation unless the court finds compelling circumstances that would render payment of restitution unworkable. Restitution is the rule and unworkability is the exception. When challenging the workability of the restitution order, the defendant has the burden of demonstrating that the plan is unworkable because of compelling circumstances. *State v. Shank*, 304 Kan. 89, 94, 369 P.3d 322 (2016).

Here, Jones challenges only the workability of the restitution plan and not the amount. Both Jones and the State agreed to the amount of restitution as a part of her plea bargain.

6

At sentencing, the State asked the district court to impose restrictions on Jones' ability to access certain financial accounts. Jones asked that the district court not impose that restriction because it would preclude her existing gainful self-employment and "make it impossible for her to pay the restitution back."

In response to the opposing requests of the parties, the district court identified Jones' employment as problematic and ordered her to obtain different employment. The district court went on to order that Jones have no access to financial accounts of any kind. In doing so, the district court did not offer any explanation as to how these conditions were possible in response to Jones' assertion of impossibility.

To analyze Jones' central argument on appeal, the issues of restricting employment and prohibiting access to financial accounts need to be addressed individually before turning to an analysis of the aggregate effect of the conditions.

B.    *Restitution plans may restrict employment.*

There is no clear authority in Kansas about the restrictions on employment that may be imposed as conditions of probation. In facing a similar analysis, the Court of Special Appeals of Maryland collected cases from seven sister states and wrote the following:

> "Although there is a paucity of authority for this proposition in Maryland, reported decisions from our sister states recognize the propriety of prohibiting certain types of employment as a special condition of probation. *See e.g.*, *People v. Caruso*, 174 Cal. App. 2d 624, 647, 345 P.2d 282 (1959), *cert. denied*, 363 U.S. 819, 80 S. Ct. 1259, 4 L. Ed. 2d 1517 (1960) (finding no abuse of discretion where condition of probation required the defendant to 'remain out of the automobile business' even though the 'automobile business is the only one which he knows' in car dealership fraud case); *State v. Fox*, 22 Conn. App. 449, 457, 577 A.2d 1111 (1990) ('[T]he special condition

7

prohibiting the defendant from engaging in private real estate work during the period of probation was reasonably related to his rehabilitation in light of the crimes he had committed [extortion through position as town planner] and the public service work he was to perform.'); *Morgan v. State*, 285 Ga. App. 254, 260, 645 S.E.2d 745 (2007), *aff'd in part on alt. grounds*, 289 Ga. App. 209, 656 S.E.2d 857 (2008) (owner of animal grooming business convicted of cruelty to animals prohibited from owning or caring for animals as special condition of probation—defendant 'failed to carry his burden of showing that the special condition is unreasonable.'); *Davis v. State*, 172 Ga. App. 787, 790, 324 S.E.2d 767 (1984) (After conviction of violating state liquor laws, 'special conditions of probation reasonably calculated to take [appellant] out of the sale of alcohol business would be authorized.'); *State v. Melton*, 364 Mont. 482, 488, 276 P.3d 900 (2012) ('As a general rule, we will affirm a restriction or condition imposed pursuant to [ ] statutory authority so long as the restriction or condition has some correlation or connection i.e., nexus to the underlying offense or to the offender himself or herself.'); *People v. K.D.*, 4 Misc. 3d 776, 781 N.Y.S.2d 856, 858 (2004) ('It is clear, beyond peradventure, that the court may proscribe certain employment as a condition of probation.'); *State v. Johnston*, 123 N.C. App. 292, 305, 473 S.E.2d 25 (1996), *cert. denied*, 344 N.C. 737, 478 S.E.2d 10 (1996) ('[S]ince the condition imposed upon defendant [that he refrain from working in any "retail establishment that sells sexually explicit material"] was clearly related to and grew out of the offense of disseminating obscenity, we rule that it is not unconstitutional.'); *State v. Simpson*, 25 N.C. App. 176, 180, 212 S.E.2d 566 (1975), *cert. denied*, 287 N.C. 263, 214 S.E.2d 436 (1975) (Upholding special condition on employment where, without it, the trial court was concerned that the defendant would 'find himself in a position wherein he would more than likely repeat this same offense.'); *State v. Graham*, 91 Ohio App. 3d 751, 754, 633 N.E.2d 622 (1993) (Prohibiting accountant from providing accounting services as condition of probation for conviction of violating securities laws not unduly restrictive.); *State v. Williams*, 82 Ohio App. 3d 70, 74, 611 N.E.2d 443 (1992) (Upholding prohibition on holding public office for five years as special condition to probation on fund misappropriation conviction.)." *Henson v. State*, 212 Md. App. 314, 328-30, 69 A.3d 26 (2013).

These jurisdictions appear to agree that a restriction on employment can be an appropriate condition of probation. If this be true, it is implausible to argue that no

8

reasonable person would take the view adopted by the district court about the general permissibility of restricting employment as a condition of probation.

Construing employment restrictions as limitations on First Amendment rights to expression or association does not necessarily lead to a different result. Kansas courts have held that even fundamental rights can be restricted by conditions of probation when the restriction bears a reasonable relationship to rehabilitative goals, protection of the public, or the nature of the offense. See *Bennett*, 288 Kan. at 91. If the district court restricts employment as a condition of probation and articulates one of these reasonable grounds, then the restriction is not, in and of itself, either unreasonable or unconstitutional.

In this case, the district court gave two reasons for restricting Jones' employment. The first was that self-employment would not generally comply with probation. The second was that the type of employment would create a substantial risk to the public.

Under the statutory list of permissible conditions of probation at K.S.A. 2015 Supp. 21-6607(b)(5), the district court can require a defendant to "work faithfully at suitable employment." The statute does not define *suitable employment*, and Kansas courts have not addressed its meaning in the context of probation. In at least one other context, Kansas courts have held that the statutory term "suitable employment" does not preclude self-employment. See *Moore v. Manufacturing Co.*, 99 Kan. 443, 447, 162 P. 295 (1917) (considering self-employment in the context of an injured worker's suit and finding the distinction irrelevant to suitability). Some jurisdictions have concluded that prohibiting self-employment is proper only when the prohibition relates to the crime of rehabilitation. See, e.g., *Pulecio v. State*, 160 So. 3d 556, 557 (Fla. Dist. Ct. App. 2015).

Here, the district court was within its discretion to prohibit self-employment as a condition of probation, but asserting that any self-employment was inherently

9

incompatible with all probation was an inaccurate statement of the law. There does not appear to be any Kansas law barring self-employment while on probation. But, inaccuracy is harmless in this context because of the second reason given by the district court.

The second reason is a proper basis for imposing the restriction on employment. The district court identified the connection between the crime, public safety, and the restriction on employment when it said, "Second, the nature of the embezzlement in this case would suggest and even require that the defendant not be engaged in such business opportunities that would provide significant windows and places and opportunities for her to take advantage of other clientele over the Internet." This justification reasonably establishes that the restriction was imposed for the protection of the public *and* based on the nature of the offense. On that basis, the prohibition against self-employment is permissible even if the rights infringed are fundamental constitutional rights.

The restriction on employment is a valid exercise of the district court's discretion. The district court gave a reasonable and constitutionally valid justification for imposing the restriction on employment as a condition of probation. Jones did not present anything to counter the conclusion that this condition is not an abuse of discretion by itself.

C.      *Restitution plans may prohibit access to financial accounts.*

There is no clear authority, in Kansas or elsewhere, regarding the specific restrictions that may be imposed on access to financial accounts as conditions of probation. This issue therefore requires an analysis of whether the district court abused its broad discretion in imposing reasonable conditions on Jones' probation.

The district court orally prohibited Jones from having access to financial accounts, credit cards, debit cards, and checking accounts. The journal entry of sentencing restated

10

this restriction with the special condition of probation that "Defendant is not to maintain or have access to a checking account(s) and/or financial card(s) while on probation." These two variations of the restriction appear to be different on their face.

When the journal entry of sentencing conflicts with an oral pronouncement of a criminal sentence, the oral pronouncement is controlling. The journal entry cannot correct an error or ambiguity in an oral pronouncement of the sentence. *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007).

While the two restrictions in Jones' case may appear to be different on their face, a review of the related statutory definitions suggests that the two statements may be substantially the same. If the meanings of the terms can be construed as being substantially similar, then the district court was not necessarily inconsistent in using more specific terms in the written conditions of probation.

In the district court's oral prohibition, the first term consumes the rest of the sentence. The term *financial account* is a very broad term without definition in Kansas statute or case law. That said, the district court listed other things to illustrate the breadth of the restriction. Credit cards and debit cards are means of accessing financial accounts. Checking accounts are financial accounts. If this plain interpretation of the district court's oral prohibition is taken at face value, then the prohibition is very broad.

In the written condition of probation, the district court used terms that are more specific and less restrictive. The restriction on a checking account is straightforward and prevents Jones from having a bank account on which checks can be drawn. The restriction on financial cards is less clear.

The district court's oral pronouncement specifically listed a prohibition on credit cards and debit cards. Viewing the written condition in light of these examples, the

11

district court has collapsed these two types of cards into a single term. If this be true, then the written restrictions would not preclude a savings account, provided that no debit card was issued for the account. But this interpretation would then be a substantially different restriction than what the district court pronounced orally from the bench. A savings account with no debit card is still clearly a financial account, which the district court prohibited in its oral pronouncement.

Kansas statutes contain definitions that give some assistance in interpreting what the district court meant when it used the term "financial cards" in the written condition of probation. The State charged Jones with felony theft under K.S.A. 2015 Supp. 21-5801 and computer crime under K.S.A. 2015 Supp. 21-5839. Pursuant to the plea bargain, the district court convicted Jones only on the charge of felony theft. Despite the simplicity of these charges, the affidavit supporting the complaint and the statements presented at sentencing both suggest that Jones' theft may have constituted several other crimes outside of the theft statute. Based on statutory language of possible related crimes and the district court's choice of terminology in the journal entry, the other criminal statutes provide help in determining the meaning of the term "financial card" used in the conditions of probation.

The offense of criminal use of a financial card is defined in K.S.A. 2015 Supp. 21-5828. This crime logically overlaps the definition of simple theft when the crime involves a financial card, and the penalties for different severities of the crime are similar or identical to simple theft. The statute defines "'financial card'" as "an identification card, plate, instrument, device or number issued by a business organization authorizing the cardholder to purchase, lease or otherwise obtain money, goods, property or services or to conduct other financial transactions." K.S.A. 2015 Supp. 21-5828(c)(1). If this definition is used while interpreting the district court's journal entry, the restriction imposed by the written conditions on probation is very broad. An account *number* is sufficient to count as a financial card. Because financial institutions universally use numbers as account

12

identifiers, a prohibition against any financial cards is also a prohibition against any financial accounts. Applying this interpretation makes the written prohibition very broad.

If the statutory definition of *financial card* is used in the interpretation of the written conditions of probation, both the oral pronouncement and journal entry are substantially similar in their meaning. If any conflicting interpretation is applied to the journal entry, the broader terms of the orally pronounced sentence control. In either case, it seems clear that the district court intended to impose a broad restriction on Jones' ability to access financial accounts. The issue is whether the broad restriction is itself an abuse of discretion.

The Kansas Supreme Court has stated that probation is used primarily to rehabilitate the offender. *State v. Turner*, 257 Kan. 19, 24, 891 P.2d 317 (1995). Statute allows the district court to "impose any conditions of probation . . . the court deems proper" and provides a nonexclusive list of common conditions. K.S.A. 2015 Supp. 21-6607(b). The statutory list does not identify prohibitions on financial accounts as a condition of probation. With this in mind, the Kansas Supreme Court has also stated:

> "A condition of probation will not be held invalid unless it (1) has no reasonable relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality. [Citation omitted.]" *State v. Lumley*, 267 Kan. 4, 14, 977 P.2d 914 (1999).

Here, the district court imposed a valid condition of probation. The district court forbade Jones from accessing financial accounts. Accessing financial accounts is not itself a criminal act. That said, the district court identified Jones' crime of theft (by embezzlement) as reasonably stemming from her access to the financial accounts of her

13

victim. Such being the case, the district court satisfied all aspects of the rule set out in *Lumley* for a valid condition of probation.

        D.      *Restitution plans must be workable.*

Even though the individual conditions of Jones' probation are valid, the reasonableness of the conditions of probation are still subject to review for an abuse of discretion under the statutory requirement for a workable plan of restitution. In many legal situations, "the whole is often greater than the sum of its parts—especially when the parts are viewed in isolation." *District of Columbia v. Wesby*, 583 U.S. __, 138 S. Ct. 577, 588, 199 L. Ed. 2d 453 (2018). In this context, the parts here, which are not unreasonable individually, combine to create an unreasonable whole.

In the district court and on appeal, Jones has alleged that the conditions of probation make repayment of restitution impossible. Jones bases her argument on the interplay of three conditions of her probation. First, the district court required Jones to pay $27,730.50 in restitution and noted that probation would extend indefinitely until this condition was fully satisfied. Next, the district court required Jones to work for some employer other than herself. Finally, the district court prohibited Jones from having access to any financial accounts.

Jones argues that the third restriction would effectively require her to rely on cash only transactions. As Jones notes in her brief, this constraint makes it exceptionally difficult, if not impossible, to satisfy the second restriction of working for another employer because in this modern era access to a financial account is generally required for direct deposit. Just as employment provides the income necessary to satisfy the restitution ordered by the district court, an impairment to employment also impairs the ability to repay restitution. Jones' argument is more than merely plausible.

The district court's prohibition on access to financial accounts effectively restricts Jones to cash transactions for employment. Financial accounts are required to receive payment from the overwhelming majority of Kansas employers. Kansas law restricts how employers can pay employees. Under K.S.A. 2017 Supp. 44-314(b), all employers in Kansas must pay employees by one of four methods: cash, check, electronic funds transfer (direct deposit), or payroll card. In apparent recognition of the popularity of direct deposit, the Legislature has required employers to allow at least one backup method for employees who fail to designate a financial institution account for direct deposit. K.S.A. 2017 Supp. 44-314(c). The State of Kansas itself, as the largest employer of its citizens, pays it employees exclusively through direct deposit and payroll cards. See Payroll Information Circular 11-P-005 (https://admin.ks.gov/resources/informational-circulars/informational-circulars—payroll/fy2011—payroll-info-circs). All three noncash payment options require the employee to access a financial account by some means. Even a paycheck must reasonably be construed as accessing the account against which the check is drawn.

Common sense tells us that few, if any, employers will pay an employee exclusively in cash and meet the other conditions imposed by the district court. The district court ordered Jones to get employment where she could account for her hours from a supervisor and be W-2 type employment with a supervisor that could be monitored by court services. But, cash-based employment runs counter to that requirement. Cash is notoriously hard to track. Some employers pay in cash to evade taxes. See, e.g., *State v. Oliveira*, 730 A.2d 20, 23 (R.I. 1999) (paying cash done under table to avoid taxes); *United States v. Cason*, No. 1:15-CR-30, 2015 WL 4878790, at *4 (N.D. W. Va. 2015) (unpublished opinion) (same); *Bartlett v. Preston*, No. 1:10-CV-1620-PWG, 2012 WL 4478799, at *1 (N.D. Ala. 2012) (unpublished opinion) (same); *Sicuso v. Sicuso*, No. 326303, 2016 WL 3749417, at *1 (Mich. Ct. App. 2016) (unpublished opinion) (same). One national study, which included a substantial number of participants in or near Kansas, concluded that cash businesses evade half of the taxes

15

they owe by relying on cash transactions. See Morse, Karlinsky & Bankman, *Cash Businesses and Tax Evasion*, 20 Stan. L. & Pol'y Rev. 37, 43 (2009). If the purpose of paying cash is to avoid taxes, then a cash-based employer is not likely to satisfy the district court's W-2 expectations.

Other provisions of the conditions of probation bar employment at many businesses that rely heavily on cash wages. By way of example, the district court attached the standard prohibition against entering taverns or nightclubs, which are one of the few classes of arguably legitimate employers who are likely to pay some or all wages in cash.

Collectively, the conditions do not leave reasonable room for permissible employment. While the district court imposed several restrictions on Jones that are individually reasonable, when taken together they create a circumstance under which repayment of restitution is at least unreasonably improbable, if not impossible. No reasonable person would require a defendant to quit gainful self-employment, seek out exclusively cash-based yet verifiable employment, never access any kind of financial accounts, and pay over $27,000 in restitution. These conditions not only work against each other, but the perpetual extension granted by unpaid restitution make the extraordinarily burdensome restrictions last what is logically an unreasonable period of time.

The individual conditions of probation should remain available to the district court as options after remand, but the current combination of conditions is clearly unreasonable. The district court needs to reevaluate the issues to find a reasonable outcome.

On one side, the district court needs to evaluate the importance of protecting the public through a prohibition on Jones accessing financial accounts. On the other side, the district court needs to evaluate the importance of finding a workable restitution plan. If

16

the district court finds that the protective restriction outweighs the need to create a workable restitution plan, then it could once again prohibit Jones from accessing financial accounts and therefore find the restitution plan to be unworkable. If the workable restitution plan is of greater importance, then the district court should craft a restitution plan without an *absolute* bar on accessing financial accounts.

Because the district court abused its discretion in concurrently ordering all of these conditions of probation, we vacate the sentence and remand the case to the district court for resentencing.

Affirmed in part, vacated in part, and remanded for resentencing consistent with this opinion.