No. 47,674

STATE OF KANSAS, *Appellee*, v. CLYDE GERALD SARGENT, *Appellant*.

(538 P. 2d 696)

Opinion filed July 17, 1975.

*Doyle Eugene White, Jr.*, of El Dorado, argued the cause, and was on the brief for the appellant.

*Kenneth P. Rockhill*, county attorney, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant-appellant, Clyde Gerald Sargent, entered a plea of guilty to charges of murder in the first degree (K. S. A. 1973 Supp. 21-3401), aggravated robbery (21-3427), aggravated assault on a law enforcement officer (21-3411), and unlawful use of weapons (21-4201). Following the defendant's plea of guilty he was

sentenced to life imprisonment on the murder count and to terms of years on the remaining counts. All sentences imposed were to run concurrently. At the time the sentences were imposed the district court also ordered that the defendant be examined at the Kansas Reception and Diagnostic Center and directed that a report of examination and evaluation be made to the court within 120 days after sentencing. The date of sentencing was March 25, 1974. On July 12, 1974, defendant's counsel moved the court pursuant to 21-4603 to modify the life sentence previously imposed on the murder count. Although such facts do not appear in the record, counsel for the defendant states in his brief that the defendant was 18 years old at the time of the commission of the offense, was a first offender, and further that the trigger man who actually killed the victim was a codefendant. The defendant's motion for modification of sentence was heard by the trial court on the same day it was filed. The trial court found that it had no jurisdiction to modify a Class A sentence and therefore refused to modify the life sentence. The defendant filed a timely appeal to this court.

The sole point raised on this appeal is stated by defendant's counsel as follows: The court erred in finding that it had no jurisdiction to modify a Class A sentence within 120 days after the sentence was imposed by directing that a lesser penalty be imposed in lieu of that originally adjudged within statutory limits.

A determination of the issue raised requires us to examine carefully several provisions of the Kansas Criminal Code and Code of Criminal Procedure. The pertinent parts of the following statutes should be considered:

"21-4501. Classification of felonies and terms of imprisonment. For the purpose of sentencing, the following classes of felonies and terms of imprisonment authorized for each class are established:

"(a) Class A, the sentence for which shall be death or imprisonment for life. If there is a jury trial the jury shall determine which punishment shall be inflicted. If there is a plea of guilty or if a jury trial is waived the court shall determine which punishment shall be inflicted and in so doing shall hear evidence;

"(b) Class B, the sentence for which shall be an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than five (5) years nor more than fifteen (15) years and the maximum of which shall be life;

"(c) Class C, the sentence for which shall be an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than one (1) year nor more than five (5) years and the maximum of which shall be twenty (20) years;

"(*d*) Class D, the sentence for which shall be an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than one (1) year nor more than three (3) years and the maximum of which shall be ten (10) years;

"(*e*) Class E, the sentence for which shall be an indeterminate term of imprisonment, the minimum of which shall be one (1) year and the maximum of which shall be five (5) years;  . . ."

"21-4601. Construction. This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law. . . ."

"21-4603. Authorized dispositions. (1) Whenever any person has been found guilty of a crime upon verdict or plea and a sentence of death is not imposed, the court may require that a presentence investigation be conducted by the Kansas reception and diagnostic center. If such offender is sent to the Kansas reception and diagnostic center, the Kansas reception and diagnostic center may keep him confined for a maximum of one hundred twenty (120) days or until the court calls for the return of such offender. The Kansas reception and diagnostic center shall compile a complete mental and physical evaluation of such offender and shall make its finding known to the court in the presentence report.

"(2) Whenever any person has been found guilty of a crime and a presentence report has been compiled and submitted to the court, the court may adjudge any of the following:

"(*a*) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one (1) year, to jail for the confinement for the term provided by law;

"(*b*) Impose the fine applicable to the offense;

"(*c*) Release the defendant on probation;

"(*d*) Suspend the imposition of the sentence;

"(*e*) Impose any appropriate combination of (*a*), (*b*), (*c*), and (*d*).

. . . . . . . . . . . . . .

"The court in committing a defendant to the custody of the secretary of corrections shall not fix a maximum term of confinement, but the maximum term provided by law shall apply in each case. In those cases where the law does not fix a maximum term of confinement for the crime for which the defendant was convicted, the court shall fix the maximum term of such confinement. In all cases where the defendant is committed to the custody of the secretary of corrections, *the court shall fix the minimum term* within the limits provided by law.

"Any time within one hundred twenty (120) days after a sentence is imposed or within one hundred twenty (120) days after probation has been revoked, the court may modify such sentence or revocation of probation by directing that a less severe penalty be imposed in lieu of that originally ad-

judged within statutory limits. If an appeal is taken and determined adversely to the defendant such sentence may be modified within one hundred twenty (120) days after the receipt by the clerk of the district court of the mandate from the supreme court. The court may reduce the minimum term of confinement at any time before the expiration thereof when such reduction is recommended by the secretary of corrections and the court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the inmate will be served by such reduction. The power here conferred upon the court includes the power to reduce such minimum below the statutory limit on the minimum term prescribed for the crime of which the inmate has been convicted. The recommendation of the secretary of corrections and the order of reduction shall be made in open court.

". . ." (Emphasis supplied.)

"22-3717. Parole authority and procedure. (1) The authority shall have power to release on parole those persons confined in institutions who are eligible for parole when, in the opinion of the authority, there is reasonable probability that such persons can be released without detriment to the community or to themselves.

"(2) After expiration of one hundred twenty (120) days from the date of sentence, the Kansas adult authority is hereby granted the authority to place upon intensive supervised parole any inmate classified in the lowest minimum security classification who has achieved such status under rules and regulations promulgated by the secretary of corrections, *except in the case where a death sentence or life imprisonment has been imposed as the minimum sentence* or where the minimum sentence imposed aggregates more than fifteen (15) years, after deduction of work and good behavior credits. Persons confined in institutions shall be eligible for parole after fifteen (15) years if sentenced to life imprisonment or to a minimum term which, after deduction of work and good behavior credits, aggregates more than fifteen (15) years." (Emphasis supplied.)

The defendant's position on this appeal is essentially as follows: K. S. A. 21-4601 codifies a rational view of the individualization of sentencing. A sentence imposed in a criminal case should take into consideration not only the criminal offense but also the individual characteristics of the offender. Under the provisions of K. S. A. 21-4603 a district court has a broad discretion in sentencing to commit the defendant to the custody of the secretary of corrections or to impose a fine or to release the defendant on probation or to suspend the imposition of sentence or to impose any combination of the above. By the specific provisions of 21-4603, at any time within 120 days after sentence is imposed the court may modify such sentence by directing that a lesser sentence be imposed in lieu of that originally imposed within statutory limits. Counsel for the defendant assumes that the power of the court to modify the sentence within the 120-day period includes the power

to impose a new sentence for a term below the statutory minimum provided for the particular offense. Counsel for defendant argues that 21-4603 does not specifically exclude Class A felonies and if the legislature had intended to limit the power of the district court to modify sentences for offenses other than Class A felonies, it would have so provided. He therefore reasons that the district court had jurisdiction to modify the defendant's original life sentence by imposing a new minimum sentence for a fixed number of years.

The state in its brief vigorously argues that the district court had no jurisdiction to modify a Class A sentence within the 120-day period after the original sentence was imposed by resentencing defendant to a term of imprisonment for less than life. The prosecutor agrees that under 21-4601 punishment for the criminal offender should be individualized and determined according to the individual needs and characteristics of the particular offender. He maintains, however, that although 21-4601 and 21-4603 vest a great deal of discretion in the district court to individualize punishment, the court is nevertheless limited by the statutory provisions. He argues in substance that the legislature did not intend to grant to a sentencing court the power to modify a Class A sentence because in order to qualify for either modification or reduction under 21-4603 the sentence imposed must carry a minimum term of confinement and a flat life sentence is not a minimum term. According to the state the only way a "life-termer" can be eligible for parole before serving at least 15 years of his sentence is by obtaining executive clemency from the governor. In support of its position the state relies on an opinion of the attorney general to that effect dated May 11, 1972.

We have concluded that the district court reached the right result but not for the reasons advanced by the state. A careful analysis of K. S. A. 21-4603 (2) discloses that the pertinent paragraph which grants to the district court the power to modify a sentence within 120 days and to reduce a minimum term of confinement at any time before the expiration thereof is really a grant of two separate and distinct powers: (1) The power to *modify* a sentence and (2) the power to *reduce* the minimum term of confinement.

The power to modify is contained in the first half of the paragraph in the following language:

"Any time within one hundred twenty (120) days after a sentence is imposed or within one hundred twenty (120) days after probation has been revoked, the court may modify such sentence or revocation of probation by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. . . ."

The power to modify a sentence is vested solely in the sound discretion of the district court but is subject to the limitation that the new sentence must fall *within the limits of the statutory minimum term provided for the particular offense*. Under K. S. A. 21-4501 a variable minimum term and a fixed maximum term is provided for Class B, C, and D felonies. If a district court originally imposed a sentence on the higher side of the minimum term, it has the power to modify that minimum sentence by imposing a lower minimum sentence within the statutory minimum provided. Under 21-4501 the only sentence provided for a Class A felony is either death or life imprisonment. Under the present status of the law the death penalty can no longer- be imposed. (*State v. Randol,* 212 Kan. 461, 513 P. 2d 248.) Hence the only sentence which may lawfully be imposed for a Class A felony is life imprisonment and there is no power in the trial court to *modify* a life sentence to a fixed term of years less than for life, within the 120-day period.

The statutory provisions in 21-4603 (2) which create the power to modify are immediately followed by language which creates the power to reduce the minimum term of confinement. This language is as follows:

". . . The court may reduce the minimum term of confinement at any time before the expiration thereof when such reduction is recommended by the secretary of corrections and the court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the inmate will be served by such reduction. The power here conferred upon the court includes the power to reduce such minimum below the statutory limit on the minimum term prescribed for the crime of which the inmate has been convicted. The recommendation of the secretary of corrections and the order of reduction shall be made in open court."

It is important to note that the power to reduce a minimum term of confinement may be executed at any time after imposition of sentence but before expiration of sentence and is not restricted to the period within 120 days after sentence is imposed or after probation has been revoked. Furthermore the power to reduce the minimum term of confinement is not vested in the sole discretion of the district court but requires the recommendation of the secretary of corrections. This power to reduce the minimum term of

confinement is specifically declared to include the power to reduce such minimum *below* the statutory limit on the minimum term prescribed for the crime of which the inmate has been convicted. It is also necessary that the recommendation of the secretary of corrections and the order of reduction be made in open court.

In view of our construction of K. S. A. 21-4603 (2) we hold that the trial court was correct in its refusal to modify the life sentence previously imposed to a term of years less than life. The reason is that it did not have the power to modify the life sentence to a term of years because such a modification would have the effect of imposing a less severe penalty not within the statutory limits. Here the motion filed by the defendant sought to invoke the power of the court to modify, not the power to reduce the minimum term of confinement which required the recommendation of the secretary of corrections.

We should now determine whether or not the district court has the power to reduce a life sentence to a term of years under its power to reduce the minimum term of confinement. As pointed out above the state maintains that a district court has no power whatsoever under 21-4603 to reduce a life term because a flat life sentence is not a minimum term within the meaning of the statute. We do not agree with the state's construction of 21-4603. In reaching this conclusion we have considered other sections of the Criminal Code and Code of Criminal Procedure. We note that under section (1) of 21-4603 whenever any person has been found guilty of a crime and *a sentence of death is not imposed,* the court may require that a presentence investigation be conducted by the Kansas reception and diagnostic center. It is the presentence investigation and report which the statute contemplates should be the basis of determination of the ultimate sentence imposed in a felony case. The statute specifically authorizes the district court to require such a presentence report in all cases where a sentence of death is not imposed which includes cases where a sentence of life imprisonment is imposed. If it were not intended for the district court to have some control over a life sentence, it would not seem logical for the legislature to authorize a district court to require a presentence investigation in a case where a life sentence is the statutory penalty. Furthermore 21-4603 (2) provides that in *all* cases where the defendant is committed to the custody of the secretary of corrections, the court shall fix the minimum term within the limits provided by law. This language would imply that a life sentence con-

stitutes a minimum term. In addition to this the language in 21-4603 (2) which gives to the district court the power to reduce the term of confinement does not specifically exclude Class A felonies. Finally K. S. A. 22-3717 (2) specifically refers to a sentence of life imprisonment as a *minimum sentence* in the following language:

"After expiration of one hundred twenty (120) days from the date of sentence, the Kansas adult authority is hereby granted the authority to place upon intensive supervised parole any inmate . . . except in the case where a death sentence or *life imprisonment* has been imposed as the *minimum sentence* or where the minimum sentence imposed aggregates more than fifteen (15) years, after deduction of work and good behavior credits. . . ." (Emphasis supplied.)

For the reasons set forth above we have concluded that a term of life imprisonment imposed for a Class A felony constitutes a minimum term of confinement within the meaning of K. S. A. 21-4603 and a district court may reduce a life sentence to a term of years where such reduction is recommended by the secretary of corrections and the court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the inmate will be served by such reduction.

The judgment of the district court is affirmed.

FROMME, J., not participating.