IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,322

STATE OF KANSAS,
*Appellee*,

v.

JERRY D. RICE,
*Appellant*.

SYLLABUS BY THE COURT

1.

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited.

2.

Criminal statutes and penalties in effect at the time of the criminal act are controlling.

3.

Probation is defined by K.S.A. 1992 Supp. 21-4602(3) as a procedure whereby a defendant, after being found guilty of a crime, is released by the court after imposition of sentence, without imprisonment. Probation is separate and distinct from the sentence.

4.

Probation is a possibility for a person convicted of a Class A felony. Under the facts of this case, the district court on remand for resentencing should exercise its discretion to consider probation on the record.

1

Appeal from Wyandotte District Court; DANIEL A. DUNCAN, judge. Opinion filed November 30, 2018. Reversed and remanded with directions.

*Jerry Rice*, appellant, was on the briefs pro se.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The decision of the court was delivered by

NUSS, C.J.:  Jerry Rice appeals the district court's denial of his motions to modify his sentence and to order a new presentence investigation report (PSI) on remand from the Court of Appeals decision vacating his original sentence. Specifically, Rice argues the court erred in not only declaring it had no authority to order probation but also failing to take into account his current health issues and efforts at rehabilitation.

We hold Rice was not prejudiced by the court's denial of his request for a new PSI. But we remand for that court to consider on the record the possibility of ordering probation during his resentencing.

FACTS AND PROCEDURAL BACKGROUND

Rice was convicted by a jury in 1994 for the 1992 first-degree premeditated murder of his wife and sentenced to life in prison with no chance of parole for 40 years ("hard 40"). This court affirmed on direct appeal in *State v. Rice*, 261 Kan. 567, 932 P.2d 981 (1997). Rice later filed a motion to correct an illegal sentence and challenged the wording of the jury verdict. This court affirmed the hard 40 sentence. *State v. Rice*, 273 Kan. 870, 46 P.3d 1155 (2002).

2

Rice next sought collateral relief claiming ineffective assistance of counsel. Following a series of remands from the Court of Appeals to the district court and an evidentiary hearing, the Court of Appeals panel ultimately upheld Rice's conviction. *Rice v. State*, 37 Kan. App. 2d 456, 154 P.3d 537, *rev. denied* 284 Kan. 946 (2007); *Rice v. State*, 43 Kan. App. 2d 428, 225 P.3d 1200 (2010); *Rice v. State*, No. 110,589, 2015 WL 4577279 (Kan. App. 2015), *rev. denied* 304 Kan. 1018 (2016). But the panel concluded that Rice's counsel provided ineffective assistance during the penalty phase of his trial. So it vacated his sentence and remanded for a new penalty phase hearing and resentencing. 2015 WL 4577279, at *42.

On July 28, 2016, the district court held a resentencing hearing. There, the State elected not to seek the hard 40. The State and Rice agreed only one possible sentence existed to impose:  a life sentence with the possibility of parole after 15 years. Accordingly, the court imposed life imprisonment for the commission of first-degree murder (premeditated) in violation of K.S.A. 1992 Supp. 21-3401, and by the authority of and in accordance with K.S.A. 21-4501(a) (Ensley 1988).

Two months later Rice filed a pro se motion to modify or reduce this sentence. He argued the court had failed to fulfill its duty of individualized sentencing under the scheme preceding the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq*. (KSGA). In particular, he claimed he should have been given an updated PSI for the court to consider that took into account his changed physical condition since the last report, i.e., a heart attack, prostate cancer, and removal of one lung.

Rice also claimed the court erred in concluding it had no options other than the sentence imposed and that it could have ordered probation. He argued the court abused its

3

discretion when it failed to analyze the factors that would enter into a discretionary decision.

Rice simultaneously filed a request for an updated PSI under K.S.A. 1992 Supp. 21-4603. In support, he cited the length of time between the original report and his resentencing and the deterioration of his health during that period.

The State responded that under the sentencing statutes in effect at the time Rice committed his crime of conviction, K.S.A. 1992 Supp. 21-4603 *et seq*., the only sentence the court could legally impose was life in prison with eligibility for parole after 15 years.

The district court ultimately ruled that Rice had received the only sentence available under the law. Accordingly, his motion for modification was denied and his motion for a new PSI was moot.

This court has jurisdiction to hear Rice's appeal under K.S.A. 2017 Supp. 22-3601 (life sentence).

ANALYSIS

Rice raises two arguments related to his resentencing on remand. First, he contends the district court had jurisdiction to modify or reduce his sentence and that reduction is mandatory with a recommendation from the Secretary of Corrections. Second, he argues the court erred in concluding that probation was an unavailable option.

4

Issue 1: *Does the district court have jurisdiction to modify or reduce Rice's sentence on remand?*

*Standard of review*

Rice's arguments require us to review several sentencing statutes. Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016). Criminal statutes and penalties in effect at the time of the criminal act are controlling. *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 (2005).

*Discussion*

Before the KSGA became effective, a defendant like Rice who committed his crime in 1992 could file a motion to modify his or her sentence within 120 days of sentencing:

> "Except when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b), at any time within 120 days after a sentence is imposed, after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment to a community correctional services program by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits and shall modify such sentence if recommended by the Topeka correctional facility unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification." K.S.A. 1992 Supp. 21-4603(4)(a).

5

Under K.S.A. 1992 Supp. 21-4603(4), a defendant had no right to a hearing on a motion to modify sentence or to be present at consideration of that motion. A sentence would not be disturbed on the ground it was excessive, provided it was within the limits prescribed by law and within the realm of discretion on the part of the trial court, and was not the result of partiality, prejudice, or corrupt motive. *State v. Jennings*, 240 Kan. 377, 380, 729 P.2d 454 (1986).

By statute, the sentencing court had two alternative responses to a motion to modify a sentence. First, the court had discretion to modify the sentence and impose a less severe penalty "within statutory limits." Second, and by contrast, the court was required to modify a sentence upon recommendation by the Topeka Correctional Facility (TCF)—unless the court made findings on the record that the safety of the public would be jeopardized or the welfare of the inmate not served by such modification.

For the first alternative, the only authorized sentence for a conviction of a Class A felony was life imprisonment with eligibility for parole after 15 years. K.S.A. 21-4501(a) (Ensley 1988); K.S.A. 1992 Supp. 22-3717(b). It follows that no less severe penalty could have been imposed by the sentencing court that would have been within statutory limits. *State v. Sargent*, 217 Kan. 634, 538 P.2d 696 (1975). So the resentencing court was correct in not modifying Rice's sentence to a lesser term of years.

For the second alternative, an unequivocal recommendation for modification of a sentence by the TCF requires the court to modify the sentence—even if the modification does not conform to statutory limits. *State v. Bruce*, 255 Kan. 388, 398, 874 P.2d 1165 (1994). This holds even for a Class A felony. *State v. Sargent*, 217 Kan. 634, 635-41, 538 P.2d 696 (1975).

In *Sargent*, the defendant was convicted of first-degree murder and sentenced to life imprisonment. Within 120 days of sentencing, he filed a motion requesting sentence modification. This court held that the trial court correctly refused to modify the life sentence—previously imposed—to a term of years less than life because it would have effectively imposed a less severe penalty not within the statutory limits. The defendant's motion sought to invoke the power of the court to modify—not the power to reduce the minimum term of confinement which required the recommendation of the secretary of corrections.

The *Sargent* court also held, however, that the district court is authorized to reduce a life sentence to a term of years where (1) such reduction is recommended by the secretary of corrections and (2) the court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the inmate will be served by such reduction. 217 Kan. at 641 (at the time *Sargent* was decided K.S.A. 21-4603 stated "the court may reduce the minimum term of confinement at any time before the expiration thereof when such reduction is recommended by the secretary of corrections," but at the time of Rice's crime of conviction the language was stronger stating that the court "shall" make the reduction).

As a result, if the secretary of corrections unequivocally recommended reducing Rice's life sentence to a term of years, the court would have to modify it unless the best interests of the public would be jeopardized or Rice's welfare would not be served by the reduction. While there was a PSI completed at Rice's original sentencing, it is not in the record on appeal. And an updated report was not completed at resentencing. The next question, then, is whether the resentencing court was required to order an updated PSI that may have resulted in a TCF recommendation that Rice should serve a lesser sentence.

*Updated PSI*

Rice contends he was entitled to an updated PSI. He argues the court failed to order one or to find on the record that adequate and current information was available since the last report was done 22 years before the resentencing hearing. According to Rice, in the updated PSI he would have presented evidence of his efforts at rehabilitation and of his deteriorating health. Further, if the TCF found a lesser sentence was appropriate (as stated above), the court would have been required to impose the lesser sentence.

In support, Rice cites K.S.A. 1992 Supp. 21-4604(1), which requires a PSI whenever a defendant is convicted of a felony:

"Whenever a defendant is convicted of a felony, the court shall require that a presentence investigation be conducted by a court service officer or in accordance with K.S.A. 21-4603, and amendments thereto, unless the court finds that adequate and current information in a previous presentence investigation report or from other sources."

He also cites subsection (2) of the same statute. It provides the PSI should include, among other items, the "present condition of the defendant":

"Whenever a presentence report is requested, the court services officer, with the assistance of the county or district attorney, shall secure, except for good cause shown, information concerning: (a) The circumstances of the offense and any mitigating or aggravating factors involved in the defendant's behavior; (b) the attitude of the complainant or victim and, if possible in homicide cases, the victim's immediate family; (c) the criminal record, social history and *present condition of the defendant*; and (d) any other facts or circumstances that may aid the court in sentencing, which may include, but is not limited to, the financial, social, psychological, physical or other harm or loss suffered by victims of the offense and the restitution needs of such victims. Except where

8

specifically prohibited by law, all local governmental and state agencies shall furnish to the officer conducting the presentence investigation any records requested by the officer. If ordered by the court, the presentence investigation shall include a physical and mental examination of the defendant." (Emphasis added.) K.S.A. 1992 Supp. 21-4604(2).

At his original 1994 sentencing hearing the court indicated it had ordered and reviewed Rice's PSI. There, Rice spoke on his own behalf and rehashed the trial testimony, calling many of the witnesses liars and claiming his innocence. His attorney asserted that despite the jury verdict Rice maintained his innocence and he had always known Rice to be truthful. The prosecution referred to the facts in the case and Rice's lengthy criminal history in asking the court to follow the jury's recommendation for Rice to serve a life sentence without parole until he had served 40 years. The prosecution also stated, "[P]robation, I guess, is an issue in this case, but I would hope this Court would not even entertain the thought about giving him probation." The court followed the jury recommendation and imposed a life sentence with the possibility of parole after 40 years. After a reminder from the prosecution, the court then denied probation.

One of the cases cited by Rice provides some guidance for the usefulness of a PSI when (as here) only one statutory sentence is available to the court. In *State v. Korbel*, 231 Kan. 657, 663-64, 647 P.2d 1301 (1982), the defendant was sentenced to life for aggravated kidnapping. Because that was the only sentence available, the court did not order a PSI. This court held that the lower court erred by not finding on the record that adequate and current information was available from other sources. However, this court held the error was not prejudicial because the defendant could still go to the state reception and diagnostic center (SRDC) for examination and referral to the correct security level and programs of education, employment, or treatment designed to accomplish maximum rehabilitation.

Additionally, in a proceeding to correct a vacated sentence that the defendant has partially served, the court has no authority to receive additional evidence upon which to base a new sentence. When such a defendant appears before the court for resentencing, the court is limited to a consideration of the identical facts and conditions existing at the time of the imposition of the original sentence. *State v. Daegele*, 206 Kan. 379, 381, 479 P.2d 891 (1971); but see *State v. Coe*, 223 Kan. 153, 169, 574 P.2d 929 (1977) (district court is not limited at resentencing to the presentence report previously presented).

Rice cites several other cases that are not quite on point. See, e.g., *State v. Goseland*, 256 Kan. 729, 744, 887 P.2d 1109 (1994) (under the unusual facts of this case, the failure to order a third TCF report was not an abuse of discretion, and the district court did not deny the defendant the opportunity to file a motion to modify his sentence); *Burden v. State*, 225 Kan. 549, 554-55, 592 P.2d 451 (1979) (plea withdrawal where PSI was not as expected is not grounds to withdraw plea); *State v. Tillman*, 18 Kan. App. 2d 556, 858 P.2d 1219 (1993) (in a robbery case with a sentence of 3 to 10 years, error to deny motion to modify when defendant had not been evaluated by SRDC).

In sum, precedent exists for finding no error in the district court's refusal to request an updated PSI because almost all of the factors (other than Rice's health) to be considered would be the same from the time of his original sentencing to today; when the only available sentence is life, the SRDC could still evaluate what rehabilitative programs would best be suited for Rice; the statute regarding PSI's only states that a PSI is required "following a conviction" and is silent as to resentencing; and Rice failed to include the original PSI in the record on appeal for us to examine. Furthermore, Rice can only speculate that the TCF would recommend something other than a life sentence for him. Finally, despite the age of the PSI and that it was apparently not reviewed at resentencing, Rice was not prejudiced by the lack of an updated PSI. See *Korbel,* 231 Kan. 657.

10

Issue 2: *Is probation available to Rice?*

As stated previously, in 1992 murder in the first degree was a Class A felony. K.S.A. 1992 Supp. 21-3401(c). Under K.S.A. 21-4501(a) (Ensley 1988), the sentence for a Class A felony shall be imprisonment for life, and under K.S.A. 1992 Supp. 22-3717(b), an inmate sentenced for a Class A felony shall be eligible for parole after serving 15 years of confinement, without deduction of any good time credits. Even with a controlling term of incarceration of life imprisonment, however, some options are still available. These options include suspending imposition of the defendant's sentence, assigning the defendant to community corrections, and—most important here—granting probation. K.S.A. 1992 Supp. 21-4603(2); *State v. Bruce*, 255 Kan. 388, 398-99, 874 P.2d 1165 (1994).

Probation is defined by K.S.A. 1992 Supp. 21-4602(3) as a procedure whereby a defendant, after being found guilty of a crime, is released by the court after imposition of sentence, without imprisonment. Probation is separate and distinct from the sentence. *State v. Van Winkle*, 256 Kan. 890, 895, 889 P.2d 749 (1995) (citing *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 [1985]).

Probation is not available to a defendant who has completed a term of confinement. See *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 114 (2018) (once a sentence of confinement has been completed, a defendant cannot be sentenced to "probation" as defined by the KSGA). But here, the Court of Appeals vacated Rice's original sentence after concluding he received ineffective assistance of counsel. *Rice*, 2015 WL 4577279, at *42 (vacating original sentence and remanding for new penalty phase hearing and sentencing). So on remand, the district court was imposing Rice's

11

sentence anew—not correcting an illegal sentence, reviewing jail time credits, or considering parole.

Before the KSGA's creation, probation was possible for a person convicted of a Class A felony. In *State v. Van Winkle*, 256 Kan. at 890, the court sentenced the defendant to life imprisonment (third conviction for possession of cocaine) and then granted her request for probation on the same date. When the probation was revoked just over a month later, the defendant filed a motion to reinstate, which was granted. The defendant argued the court abused its discretion when it failed to modify her sentence of incarceration to less than life imprisonment. But this court disagreed because the term for a Class A felony is imprisonment for life, which is not an indeterminate sentence. K.S.A. 21-4501(a) (Ensley 1988). Because a Class A felony has no maximum or minimum that can be set by the court, there is no less severe penalty within the statutory limit. Under the circumstances of *Van Winkle*, the sentencing judge had no statutory authority to impose a less severe penalty after revoking probation. 256 Kan. at 899-900. Thus, while the underlying sentence is set by statutory limits, the court still has authority to grant probation.

At Rice's resentencing hearing, he agreed with the State that the only sentence the district court could impose was life imprisonment with parole eligibility after 15 years. The court stated "there's no opportunity for parole—I mean for probation on this offense." The court could have considered probation, however. At the original sentencing in 1994, the court considered and denied probation. Under our facts, in 2016 the resentencing court would not have abused its discretion in denying probation. But by not understanding its own authority and therefore being unable to consider exercising it, the district court abused its discretion. *State v. Lumbrera*, 252 Kan. 54, 74, 845 P.2d 609 (1992) (finding abuse of discretion when sentencing court stated it did not consider probation because defendant was convicted of a Class A felony); see also *Kansas Dept.*

12

*of Revenue v. Powell*, 290 Kan. 564, 570, 232 P.3d 856 (2010) (court's complete failure to exercise its discretionary authority is an abuse of discretion).

We reverse and remand for the district court to consider anew the possibility of probation on the record. See *Powell*, 290 Kan. at 571 (reversing and remanding to the Board "for it to properly exercise its discretion pursuant to the direction contained in this opinion").