NOT DESIGNATED FOR PUBLICATION

No. 122,808

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL NELOMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed May 7, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.


PER CURIAM: Michael Neloms appeals the district court's summary dismissal of his timely K.S.A. 60-1507 motion and its construction of his subsequent pleading as an untimely K.S.A. 60-1507 motion. Neloms argues he was entitled to an evidentiary hearing on his timely K.S.A. 60-1507 motion and the district court should have construed his second pleading as a motion for a new trial based on newly discovered evidence. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, a jury convicted Neloms of aggravated human trafficking, promoting prostitution, and aggravated indecent liberties with a child. Neloms was sentenced to 620 months' imprisonment. This court affirmed his convictions but remanded to correct a sentencing issue. *State v. Neloms*, No. 110,391, 2016 WL 463362, at *19 (Kan. App. 2016) (unpublished opinion). The Kansas Supreme Court denied Neloms' petition for review. The appellate mandate was issued on August 31, 2017.

In August 2018, Neloms filed a pro se motion pursuant to K.S.A. 60-1507. In the motion, he argued:  (1) He was charged with a nonexistent crime because the statute under which he was charged (K.S.A. 21-3447, aggravated human trafficking) was repealed July 1, 2011; (2) his trial counsel was ineffective for failing to challenge the truthfulness of the probable cause affidavit; (3) his trial counsel was ineffective for failing to investigate matters of significant importance, such as alibi witnesses; and (4) there was insufficient evidence to convict him of aggravated human trafficking and aggravated indecent liberties with a child.

In May 2019, Neloms filed what he called "Petitioner's Memorandum of Law in Support of K.S.A. 60-1507 Motion." In that pleading, Neloms raised several additional claims which he did not raise in his original K.S.A. 60-1507 motion. These other claims included:  (1) Neloms' right to due process was denied because the State used false and coerced testimony from the alleged victim; (2) Neloms was entitled to a new trial based on newly discovered evidence because the State withheld information related to the credibility of one of its witnesses at trial; and (3) there was insufficient evidence to convict him of aggravated human trafficking because the State's key witness was an accomplice.

In January 2020, the district court issued an order dismissing both of Neloms' pleadings. The district court found the claims in Neloms' August 2018 motion were meritless, and it dismissed Neloms' May 2019 motion as untimely.

Neloms timely appeals.

ANALYSIS

Neloms first argues the district court erred in summarily dismissing the claims in his August 2018 K.S.A. 60-1507 motion. A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

The standard of review depends on which path the district court traveled. *White*, 308 Kan. at 504. When the district court summarily dismisses a K.S.A. 60-1507 motion, like it did here, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant must establish entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth

an evidentiary basis to support those contentions or the basis must be evident from the record. *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 (2011). If such a showing is made, the court must hold a hearing unless the motion is a "'second'" or "'successive'" motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]).

Neloms acknowledges his burden and argues mainly that the district court erred by not granting an evidentiary hearing on his claim that his trial counsel "was ineffective for failing to investigate matters of significant importance, such as alibi witnesses."

To be entitled to relief under K.S.A. 2020 Supp. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2020 Supp. 60-1507(b); Supreme Court Rule 183(g) (2021 Kan. S. Ct. R. 239).

The right of an accused to have assistance of counsel for his or her defense is guaranteed by the Sixth Amendment to the United States Constitution. The right is "applicable to state proceedings by the Fourteenth Amendment to the United States Constitution." *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014). The guarantee includes not only the presence of counsel but counsel's effective assistance as well. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). Therefore, Neloms claims he was denied a constitutional right.

Neloms relies on our Supreme Court's decision in *State v. Holmes*, 278 Kan. 603, 102 P.3d 406 (2004), to support his argument. There, our Supreme Court recognized:

4

"It is erroneous to deny a 60-1507 motion without an evidentiary hearing where the motion alleges facts which do not appear in the original record, which if true would entitle the movant to relief, and it identifies readily available witnesses whose testimony would support such facts or other sources of evidence. The motion must set forth a factual background, names of witnesses, or other sources of evidence demonstrating movant's entitlement to relief. [Citations omitted.]" 278 Kan. at 629.

Neloms' reliance on *Holmes* is misplaced. In his motion, he simply asserted that his "trial counsel was deficient in that they failed to investigate matters of significant importance, such as alibi witnesses." He follows that statement with some legal authority, but he fails to set forth the "factual background, names of witnesses, or other sources of evidence demonstrating" that he is entitled to relief. See 278 Kan. at 629. Neloms did not provide the names of any alibi witnesses, nor did he provide any factual recitation suggesting he had provided these names to his former counsel, the circumstances relating to these alleged alibi witnesses, or his former attorney's actions. He specified no other "matters of significant importance" which his counsel allegedly failed to investigate, nor did he identify which of his multiple former attorneys' performances were deficient.

Just like the pro se K.S.A. 60-1507 motion at issue in *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018), Neloms "offers only conclusory statements and incomplete facts; []he presents no evidentiary basis in support of [his] claims, and no such basis appears in the record." Neloms' "'naked allegations'" are insufficient to raise a substantial issue of fact which requires an evidentiary hearing. 307 Kan. at 305. The district court properly found Neloms provided no evidentiary basis to support his conclusory contentions.

Neloms does not discuss the other arguments raised in his original K.S.A. 60-1507 motion in his appellate brief. That said, the record establishes that Neloms' other arguments are similarly without merit.

Neloms' first argument was that the State charged him with a nonexistent crime because the aggravated human trafficking statute was repealed in January 2011, nearly five months before his conviction. The district court correctly determined Neloms was mistaken because the Legislature repealed the statute in July 2011 pursuant to a recodification of the criminal code.

The old statute for aggravated human trafficking, K.S.A. 21-3447, was recodified pursuant to the 2011 recodification of the Kansas Criminal Code. The recodified version of the statute was effective July 1, 2011. See L. 2010, ch. 136, § 61. Neloms committed his crimes in May 2011. The State charged him under K.S.A. 21-3447 because the "[c]riminal statutes and penalties in effect at the time of the criminal act are controlling." *State v. Rice*, 308 Kan. 1510, 1512, 430 P.3d 430 (2018). Thus, the State did not charge Neloms with a nonexistent crime by charging him with aggravated human trafficking under the previous codification of the statute.

Neloms' second argument was another claim of ineffective assistance of counsel. In this claim, Neloms alleged his counsel was ineffective because they failed to challenge the truthfulness of the probable cause affidavit. The district court denied this claim because the counsel's "'failure' to challenge the probable cause affidavit in support of the complaint/information does not establish prejudice because the 'failure' does not undermine confidence in the outcome of the case." By mentioning prejudice, the district court was referencing the two-prong ineffective assistance of counsel inquiry:

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. [Citations omitted.] " *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

6

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires elimination of distorting effects of hindsight and consideration of all the evidence before the judge or jury. See *Fuller v. State*, 303 Kan. 478, 488, 363 P.3d 373 (2015). The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional judgment. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

The crux of Neloms' argument is that his counsel failed to "challenge the truthfulness of the sworn affidavit for probable cause, after Neloms informed him that the affiant, Virgil Miller of the Wichita Police Department, included false information." The only example of false information Neloms referenced was that the affidavit mentioned May 29, 2011, twice. The first mention was when M.M., the victim, told Miller that she received a telephone call on May 29, 2011. The second mention was when Neloms' sisters drove M.M. to a motel that same day. Neloms argued that this date cannot be correct because it was after he was arrested.

But May 29, 2011, was the day after the underlying events took place. At the preliminary hearing on July 20, 2011, M.M. testified that she went to a motel in Wichita on May 28, 2011, to meet someone for sexual intercourse in exchange for $100. M.M. also testified that Neloms' sisters drove her to the motel and rented the room because she was too young to do so. And the original complaint filed on June 1, 2011, alleged that the underlying events took place on May 28, 2011, as does the amended complaint.

The affidavit's mention of the incorrect day does not establish that Neloms' trial counsel was ineffective under either prong of the requisite test. See *Salary*, 309 Kan. at 483. Since this was the only basis Neloms used to advance his claim of ineffective assistance on this issue, the district court was correct when it found there was no reasonable probability the jury would have reached a different result.

7

The final claim was that the evidence adduced at trial was insufficient to convict him of aggravated human trafficking and aggravated indecent liberties with a child. The district court dismissed this claim because it found that Neloms was trying to relitigate the case.

Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239) provides:

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

As the district court noted, Neloms is trying to use his K.S.A. 60-1507 motion to replace a direct appeal because his argument on this issue seeks to relitigate the case. The error Neloms alleges should have been raised in his direct appeal. Furthermore, in both his pro se motion and appellate brief, Neloms fails to assert any exceptional circumstances that excuse his failure to raise the issues in his direct appeal.

The district court did not err when it summarily dismissed Neloms' August 2018 K.S.A. 60-1507 motion.

In Neloms' second issue on appeal, he claims the district court erred by construing his May 2019 pleading as an untimely K.S.A. 60-1507 motion instead of a timely motion for a new trial based on newly discovered evidence. Under K.S.A. 2020 Supp. 60-1507(f)(1)(A), a prisoner challenging his or her sentence must bring an action within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Here, the appellate mandate was issued on August 31, 2017.

If both of Neloms' pleadings are construed as K.S.A. 60-1507 motions, the one filed in August 2018 was timely under the statute, but the second one filed in May 2019 was not. If the May 2019 pleading is construed as a motion for a new trial, the motion is timely because "[a] motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment." K.S.A. 2020 Supp. 22-3501(1).

Whether the district court correctly construed Neloms' pro se pleading is a question of law over which we have unlimited review. "'Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial.' [Citation omitted.]" *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

Besides titling his pleading "Petitioner's Memorandum of Law in Support of K.S.A. 60-1507 Motion," Neloms repeatedly referred to K.S.A. 60-1507 throughout. He begins the pleading by claiming in the statement of facts section that he "relies on the facts set forth in his case record and trial transcripts in support of his claims raised in his K.S.A. 60-1507 motion." He devoted multiple paragraphs in his first issue to argue that the one-year time limitation of K.S.A. 60-1507 should be excused because he presented a claim of actual innocence. He also addressed an anticipatory argument that his "K.S.A. 60-1507 motion is successive." And he concluded his third issue by asking the district court to grant relief under the habeas statute.

Here, only one section of Neloms' pleading seeks a new trial based on newly discovered evidence. While a court must interpret pro se pleadings based on their contents and not solely titles or labels, "there are limits to a court's duty to liberally construe pro se pleadings. A court is not required to divine every conceivable interpretation of a motion, especially when a litigant repeatedly asserts specific statutory

9

grounds for relief and propounds arguments related to that specific statute." *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019).

Based on the contents of the pleading, the district court was correct when it construed the May 2019 pleading as a motion under K.S.A. 60-1507 and not a motion for a new trial based on newly discovered evidence under K.S.A. 2020 Supp. 22-3501. As a result, it was untimely based on the one-year time limitation in K.S.A. 2020 Supp. 60-1507(f)(1).

The district court correctly determined that the motion, files, and records of the case conclusively established that Neloms had no right to relief under either of his pleadings. As a result, the district court did not err when it summarily denied both pleadings. See *White*, 308 Kan. 491.

Affirmed.