NOT DESIGNATED FOR PUBLICATION

No. 129,465

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL LEE STOTTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed February 20, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before PICKERING, P.J., CLINE, J., and CAREY HIPP, District Judge, assigned.

CLINE, J.: Paul Lee Stotts challenges the classification of one of the offenses for which he was sentenced. We granted Stotts' unopposed motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Stotts with 13 counts of driving related offenses. It later amended its complaint to change the date it had said the offenses occurred on the original complaint. Among the charges was one count of fleeing and eluding a law enforcement officer in violation of K.S.A. 2020 Supp. 8-1568(b)(1)(C), a severity level 9 person

1

felony, and a second count of driving under the influence under K.S.A. 2020 Supp. 8-1567(a)(3), a class B nonperson misdemeanor.

Stotts eventually pled no contest to the charges in the amended complaint. In exchange for his plea, the State agreed to drop the remaining charges. Before entering his plea, the district court told Stotts the severity level of each offense, including reminding Stotts the fleeing and eluding a law enforcement officer offense was a severity level 9 person felony. Stotts was eventually sentenced to 16 months with the Kansas Department of Corrections for count one and six months in the county jail for count two, with the sentences to run concurrent.

After sentencing, Stotts sent the district court a letter. In his letter, Stotts asked the district court judge to "reclassify the Felony Fleeing and Eluding a Law Enforcement Officer, as a NonPerson felony for purposes of criminal history score." To support his position, he contended "this same charge, in the State of Kansas, was previously scored as a non-person felony" and "this original inturpertation [*sic*] of Kansas classification as a nonperson felony was the correct inturpertation [*sic*] and should be scored as such." The district court responded to Stotts' letter, noting it could not make his requested change because the "Kansas Legislature has classified a violation of K.S.A. 8-1568(b)(1)(C) as a severity level 9 person felony."

REVIEW OF STOTTS' APPELLATE CHALLENGE

On appeal, Stotts repeats the assertion he made in his letter to the district court regarding the classification of his conviction. He also adds an alternative argument that his conviction for felony fleeing and eluding should be classified as a nonperson offense because he says both the felony and misdemeanor offenses involve the same victim.

Because Stotts' challenge requires us to look at the classification of his offense under the statute, this presents a statutory interpretation question. And statutory interpretation questions present a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Our Supreme Court has said: "Criminal statutes and penalties in effect at the time of the criminal act are controlling." *State v. Rice*, 308 Kan. 1510, 1512, 430 P.3d 430 (2018). K.S.A. 8-1568 was amended on July 1, 2021. L. 2021, ch. 103, § 3. But because Stotts committed his offense on February 28, 2021, K.S.A. 2020 Supp. 8-1568 controls in his case. K.S.A. 2020 Supp. 8-1568(b) defines the crime of fleeing and eluding a law enforcement officer:

> "(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who:
> (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; or
> (2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(2)."

And K.S.A. 2020 Supp. 8-1568(c)(2) states: "Violation of subsection (b) is a severity level 9, person felony."

Stotts pled guilty to fleeing and eluding a law enforcement officer under K.S.A. 2020 Supp. 8-1568(b)(1)(C). Because K.S.A. 2020 Supp. 8-1568(c)(2) plainly and clearly

3

defines the crime Stotts pled to as a person felony, his argument that his conviction was misclassified fails.

We decline to consider Stotts' alternative argument because he raises it for the first time on appeal and offers no explanation for why it was not raised below. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). We also find it waived because it was inadequately briefed. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Stotts provided no explanation or legal authority for this alternative argument, making it impossible for this court to analyze.

Affirmed.